IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| JAMES RIGDON, | ) | |
| | ) | |
| Petitioner, | ) | Case No. CV 05-0175-E-MHW |
| | ) | |
| v. | ) | **MEMORANDUM DECISION** |
| | ) | **AND ORDER** |
| JERRY JOHNSON, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Before the Court in this habeas corpus matter is Respondent's Motion for Summary Dismissal. (Docket No. 10.) The parties have consented to a United States Magistrate Judge exercising jurisdiction in this case, in accordance with 28 U.S.C. § 636(c). (Docket No. 6.) To avoid further delay, the Court has determined that the Motion will be submitted on the briefing and the record without oral argument. *See* D. Idaho L. Civ. R. 7.1(d).

For the reasons set forth more fully herein, Respondent's Motion will be granted and this case will be dismissed.

**I.**

**Memorandum Decision and Order - 1**

# BACKGROUND

On April 1, 2003, Petitioner was sentenced to seven years in prison, with the one year fixed, upon his conviction for burglary. On October 22, 2003, the Idaho Commission of Pardons and Parole ("Commission") denied parole and passed Petitioner to his full term release date. Petitioner's self-initiated progress report ("SIPR") was denied on August 18, 2004.

On December 7, 2004, Petitioner filed a state habeas corpus petition in Idaho district court, which was assigned to a magistrate judge. In his petition, Petitioner challenged the Commission's decision to deny parole and to deny his subsequent SIPR. Warden Jerry Johnson responded to the petition with a motion for summary judgment, which was granted by the magistrate judge.

Petitioner filed a notice of appeal. According to Idaho procedure, an appeal from the magistrate division is first heard by a district court judge. After Petitioner failed to file his opening brief, the district judge dismissed the appeal. Petitioner apparently took no further action.

On May 5, 2005, while the state court appeal was still pending, Petitioner initiated the current federal Petition for Writ of Habeas Corpus. In his federal Petition, Petitioner raises two constitutional claims: (1) he alleges that the Commission increased his punishment, in violation of the Ex Post Facto Clause of Article I, Section 10, when it denied his request for parole and passed him to his full term release date; and (2) he

**Memorandum Decision and Order - 2**

contends that the Commission did not conduct a fair parole hearing and a fair hearing on his subsequent SIPR, in violation of his right to due process of law under the Fourteenth Amendment.

Respondents have now filed a Motion for Summary Dismissal, contending the Petition is untimely and that Petitioner's claims were not properly exhausted and are now procedurally defaulted. Petitioner has submitted a Response, and the matter is ready for disposition.

## II.

## STATUTE OF LIMITATIONS

Respondent first argues that the Petition in this case was filed beyond the expiration of the one-year statute of limitations for habeas cases contained in 28 U.S.C. § 2244(d). This one-year period begins to run from the latest of four dates, depending on the circumstances of the case, as specified in 28 U.S.C. § 2244(d)(1)(A)-(D).

In *Redd v. McGrath*, 343 F.3d 1077 (9th Cir. 2004), the Ninth Circuit addressed the application of the statute of limitations to the decisions of state administrative bodies, such as parole boards. The court assumed, without deciding, that the statute of limitations applied to challenges to parole decisions, and the court concluded that § 2244(d)(1)(D) was the pertinent subsection. Under that subsection, the limitations period begins to run from "the date on which the factual predicate of the claim or claims could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The court

**Memorandum Decision and Order - 3**

determined that the factual predicate for the claim in the case before it could not have been discovered until the denial of the prisoner's administrative appeal from the original decision to deny parole, and the one-year clock began to run the day after that appeal was final. *Id*. at 1082.

In *Shelby v. Bartlett*, 391 F.3d 1061,1063, 1065 (9th Cir. 2004), the Ninth Circuit explicitly adopted what it had assumed in *Redd*, holding that the statute of limitations applied to habeas petitions arising from administrative decisions. The court also reaffirmed that § 2244(d)(1)(D) is the applicable subsection and that the time ran from the denial of an internal administrative appeal. *Id*. at 1065-66.

In accordance with *Redd* and *Shelby*, it is clear that § 2244(d)(1)(D) applies to Petitioner's challenges to the Commission's parole decisions. What is less clear, though, is the precise date on which the factual predicate of his claims could have been discovered through the exercise of due diligence.

Respondent contends that the date corresponds to the Commission's original decision to deny parole on October 22, 2003. Petitioner argues that the limitations period did not begin to run until the denial of his SIPR on August 18, 2004, which, if his assertion is correct, would make the federal Petition timely. The resolution of this dispute appears to center on whether the SIPR process qualifies as an administrative appeal under Idaho law, like the administrative appeals in *Redd* and *Shelby*, or whether the SIPR process otherwise tolls the limitations period.

**Memorandum Decision and Order - 4**

The Court has concluded that it need not delve into the complexities of the statute of limitations issue, because even assuming that Petitioner's interpretation is correct and the Petition is timely, this case must be dismissed on the alternative basis that the claims are were not properly exhausted and are procedurally defaulted.

## III.

## EXHAUSTION AND PROCEDURAL DEFAULT

A.  Standard of Law

Before a federal court can grant relief on a constitutional claim, a habeas petitioner must first exhaust his state court remedies with respect to the claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To exhaust a claim properly, the petitioner must invoke one complete round of the state's established appellate review process, giving the state courts a full and fair opportunity to correct the alleged constitutional error at each level of appellate review. *Baldwin v. Reese*, 541 U.S. 27 (2004).

A habeas petitioner's failure to raise a constitutional claim in the highest state court will result in a procedural default if the petitioner would now be barred from raising it under the state's procedural rules. *Gray v. Netherland*, 518 U.S. 152, 161 (1996). In addition, a habeas claim is defaulted when the petitioner actually raised the claim, but the state court denied or dismissed the claim after invoking a procedural bar that is independent of federal law and is adequate to support the judgment. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). A defaulted claim will not be considered unless

**Memorandum Decision and Order - 5**

the petitioner can establish cause for the default and actual prejudice, or he can show a miscarriage of justice in his case, which means that he is actually innocent. *Id*. at 750.

    B.    <u>Discussion</u>

Respondent contends that Petitioner has procedurally defaulted his constitutional claims because the state district court dismissed Petitioner's appeal from the magistrate's order granting summary judgment to the State, and because the time for review in the Idaho Supreme Court has expired. The Court agrees that Petitioner did not fairly present his claims in the highest state court and that his claims are now defaulted.

Petitioner counters that the state habeas petition should not have been assigned to a magistrate judge in the first place, and that when he filed his notice of appeal, the court clerk improperly failed to docket it as an appeal to the Idaho Supreme Court. This argument is unavailing.

Once a state habeas petition has been filed in the district court, it may be assigned to a magistrate judge under Idaho law. Idaho R. Civ. P. 82(c)(2)(E); *State v. Gawron*, 743 P.2d 983, 986 (Idaho Ct. App. 1987). Here, after the magistrate judge decided the case adversely to Petitioner, he was then required to follow the correct appellate procedure, which included appealing to the district court. *See* Idaho R. Civ. P. 83. Even if the assignment to the magistrate had been improper, Petitioner's remedy was to object at that time, and, if necessary, to climb the appellate ladder to the Idaho Supreme Court, rather than ignore the state district court's briefing schedule. Idaho R. Civ. P. 82(c)(3).

**Memorandum Decision and Order - 6**

Petitioner also launches a broader attack; he contends that Idaho's state habeas process is ineffective to protect his constitutional rights, and that his failure to exhaust his claims properly should be excused.  Specifically, Petitioner argues that the state courts delay processing state habeas petitions and have never granted relief.  The Court is not convinced by this argument.

First, it is clear that there was a state corrective process available to address Petitioner's claims.  While the denial of parole is not listed as a statutory basis for a state habeas petition, *see* Idaho Code § 19-4203, the Idaho Court of Appeals has held that habeas corpus is the proper mechanism under Idaho law to challenge the denial of parole. *Dopp v. Idaho Com'm of Pardons and Parole*, 84 P.3d 593, 596 (Idaho Ct. App. 2004). This is because the Idaho Legislature is without the authority to limit the traditional habeas remedy secured by the Idaho Constitution.  *Id*. at  596.

Next, though it is true that the Ninth Circuit has recognized that excessive delay may excuse the requirement of exhaustion even when a state court remedy is theoretically available, *see Coe v. Thurman,* 922 F.2d 528, 530 (9th Cir. 1990), the time between the initial filing of Petitioner's state habeas petition in this case and the dismissal by the magistrate judge was about two months, which is not excessive.  It is unknown whether the state courts would have further delayed the resolution Petitioner's case because Petitioner did not submit an appellate brief or take any additional action beyond filing a notice of appeal.  Petitioner's only other argument regarding delay is anecdotal and

**Memorandum Decision and Order - 7**

essentially relies upon examples in a few other cases. In any event, delay in a few other cases will not establish such a pervasive pattern that would excuse Petitioner from attempting to follow the correct state court procedures in his case.

Finally, Petitioner's argument that the state courts have never granted a state habeas petition based upon constitutional violations with respect to the denial of parole does not excuse his failure to exhaust his claims properly. The United States Supreme Court has disapproved of a similar type of futility argument:

> If a defendant perceives a constitutional claim and believes it may find favor in the federal courts, he may not bypass the state courts simply because he thinks they will be unsympathetic to the claim. Even a state court that has previously rejected a constitutional argument may decide, upon reflection, that the contention is valid.

*Engle v. Isaac*, 456 U.S. 107, 130 (1982).

To the extent that Petitioner believes that the Idaho Supreme Court's constitutional jurisprudence regarding parole matters is incorrect, it was incumbent upon him to make the argument to that court before coming to federal court. Additionally, contrary to Petitioner's position, the state courts are open to reviewing constitutional issues surrounding parole decisions. *See Drennan v. Craven*, 105 P.3d 694 (Idaho Ct. App. 2004) (remanding for further proceedings on inmate's claim that the Commission violated his First and Fourteenth Amendment rights by denying parole in retaliation for his other litigation); *Dopp v. Idaho Com'm of Pardons and Parole*, 84 P.3d 593, 596 (Idaho Ct. App. 2004) (remanding after concluding that magistrate erred in not finding a genuine

**Memorandum Decision and Order - 8**

issue of material fact with respect to a claim); *Lake v. Newcomb*, 90 P.3d 1272 (Idaho Ct. App. 2004) (remanding for further proceedings).

Based upon the foregoing, the Court concludes that Petitioner failed to properly exhaust his state court remedies, it is too late to do so now, and his claims are procedurally defaulted.[1]  *See O'Sullivan*, 526 U.S. at 848.  Aside from the arguments addressed above, Petitioner has not come forward any other reasons to excuse the default. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (petitioner must show "cause and prejudice").  Accordingly, Respondent's Motion for Summary Dismissal will be granted, and the Petition will be dismissed.[2]

---

[1] Petitioner does not argue that any state court remedies currently remain available, and the Court concludes that there are none.  Any attempt to revive the original appeal would be untimely.  Idaho Appellate Rule 14(a).  Further, while the Idaho Supreme Court may have jurisdiction to hear a habeas petition originating in that court, it will exercise that jurisdiction only in "extraordinary" cases, and this case is not extraordinary.  *See In re Barlow*, 282 P.2d 380 (Idaho 1929).  Petitioner would not be able to circumvent established appellate procedure by filing an original habeas action in the Idaho Supreme Court long after he abandoned his appeal in the district court.

Regardless, even if Petitioner still had a potential state court remedy, his federal petition must be dismissed for lack of proper exhaustion.

[2] In its Initial Review Order, the Court invited Respondent to address whether this case could be construed as raising civil rights claims under 42 U.S.C. § 1983.  (Docket No. 5, n.1.)  The Court agrees with Respondent that because Petitioner clearly seeks relief under 28 U.S.C. § 2254, including, in part, his "immediate release," this case is properly analyzed under habeas law.  *Cf. Wilkinson v. Dotson*, 544 U.S. 74 (2005).

**Memorandum Decision and Order - 9**

## IV.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Respondent's Motion for Summary Dismissal (Docket No. 10) is GRANTED.

DATED: March 7, 2006

Honorable Mikel H. Williams
United States Magistrate Judge